**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIE CANIDATE,
Plaintiff-Appellant,

and

VALERIE D. SUTTON; BILL HOLLIMON;
LLOYD WILLIAMS; ALEX SMITH;
MICHAEL WRENN; FREDDIE BLOCKER;
JACOB HENDERSON; JAMIE WILLIAMS;                      No. 95-1279
LEE SMITH; CLIFFORD HUNTER; ALLEN
VAIL; HOWARD MCCOY, JR.,
Plaintiffs,

v.

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-94-322-3)

Argued: December 4, 1995

Decided: January 5, 1996

Before HALL and NIEMEYER, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Clark Davis, SPRIGGS & JOHNSON, Tallahassee, Florida, for Appellant. Donald R. Livingston, AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Harris D. Butler, III, BUTLER, MACON, WILLIAMS, PANTELE & LOWNDES, Richmond, Virginia, for Appellant. Randall L. Sarosdy, Daniel L. Nash, AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P., Washington, D.C.; Scott S. Cairns, Dana L. Rust, Deanna L. Ruddock, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., plaintiff Willie Canidate appeals orders of the district court (i) striking his demand for trial by jury, (ii) declining to order a trial by jury under Fed. R. Civ. P. 39(b), and (iii) entering final judgment for defendant Food Lion, Inc., after a bench trial. We have considered the briefs and heard the arguments of the parties, and we affirm the judgment of the district court for the reasons, with one caveat discussed below, stated in that court's memorandum opinions. Sutton, et al. v. Food Lion, Inc., No. 3:94CV322 (E.D. Va. Oct. 26, 1994); Sutton, et al. v. Food Lion, Inc., No. 3:94CV322 (E.D. Va. Jan. 20, 1995).

The district court held that Canidate did not prove a prima facie case of retaliatory discharge. After a full trial on the merits, the issue in a Title VII case is discrimination (or retaliation) vel non; the "vagaries" of the McDonnell Douglas/Burdine* proof paradigm are no

_____

*Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

2

longer of concern. <u>Jiminez v. Mary Washington College</u>, 57 F.3d 369, 377 (4th Cir.), <u>cert. denied</u>, 116 S.Ct. 380 (1995); <u>see St. Mary's Honor Center v. Hicks</u>, 113 S.Ct. 2742, 2749-2750 (1993). Stating ultimate findings after trial in terms of the <u>prima facie</u> case may serve to confuse the relatively light burden upon the plaintiff to state a claim of discrimination with the more rigorous showing that is often necessary to convince the trier of fact that unlawful discrimination actually occurred. In any event, the district court found that Canidate's firing was not causally connected to his earlier filing of a charge with the Equal Employment Opportunity Commission. This finding fully supports the judgment for the defendant, even if Canidate made a <u>prima facie</u> showing of retaliation under <u>McDonnell Douglas/Burdine</u>.

The judgment of the district court is affirmed.

<u>AFFIRMED</u>

3